## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | No. 2:24-cv- |
| JAZMYN PADUANI, | |
| Defendant. | |

## COMPLAINT

NOW COMES Plaintiff, the United States of America (the "United States"), on behalf of its agency the U.S. Small Business Administration ("SBA"), and hereby files the instant Complaint against Jazmyn Paduani ("Defendant" or "Paduani") to recover treble damages and civil penalties under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-33, civil penalties under the Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA"), partially codified at 12 U.S.C. § 1833a, and to recover money for common law or equitable causes of action for payment by mistake and unjust enrichment based upon Paduani's receipt of Paycheck Protection Program ("PPP") funds to which she was not entitled.

## JURISDICTION AND VENUE

1.      This action arises under the FCA, FIRREA, and Maine common law.

2.      The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1345 because the United States is the plaintiff. The Court also has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1367(a).

3.      The Court has personal jurisdiction over Defendant under 31 U.S.C.

1

§ 3732(a) because Defendant can be found, resides, or transacts business in this District, or has committed the alleged acts in this District.

4.    Venue is proper in this district under 31 U.S.C. § 3732(a) and 28 U.S.C. § 1391(b) as Defendant can be found in this District.

## PARTIES

5.    Plaintiff, United States of America, guarantees and funds certain loans through the SBA.

6.    Defendant, Jazmyn Paduani, is a resident of Manchester, New Hampshire.

### The Paycheck Protection Program

7.    The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program.  The program was modified and extended thereafter.

8.    To obtain a PPP loan, a qualifying business submitted a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications to be eligible to obtain the PPP loan. In the PPP loan application (SBA Form 2483), the small business (through its authorized representative) was required to provide, among other things, its: (a) average monthly payroll expenses; and (b) number of employees. These

figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, businesses applying for a PPP loan were required to provide documentation confirming their payroll expenses.

9.     A PPP loan application was processed by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies. While it was the participating lender that issued the PPP loan, the loan was 100% guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan and subsequent forgiveness process.

10.     PPP loan proceeds were required to be used by the business on certain permissible expenses—payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time and used a defined portion of the PPP loan proceeds on payroll expenses.

11.     The application process to obtain a PPP loan required the eligible recipient to make the following good faith certifications and acknowledgments:

   a.   That the applicant was eligible to receive a PPP loan under the rules in effect at the time the application was submitted (the "PPP Rules");

   b.   That the uncertainty of current economic conditions made the loan request necessary to support the ongoing operations of the eligible recipient;

   c.   That the applicant was in operation on February 15, 2020, had not

permanently closed, and was either an eligible self-employed individual, independent contractor, or sole proprietorship with no employees, or had employees for whom it paid salaries and payroll taxes or paid independent contractors, as reported on Form(s) 1099-MISC;

d.  That the funds would be used to retain workers and maintain payroll; or make payments for mortgage interest, rent, utilities, or other covered costs under the PPP Rules;

e.  That if the funds were knowingly used for unauthorized purposes, the federal government may find the individual legally liable for such charges as fraud;

f.  That not more than 40 percent of the loan proceeds may be used for non-payroll costs;

g.  That documentation verifying the number of full-time equivalent employees on payroll as well as the dollar amounts of payroll costs, covered mortgage interest payments, covered rent payments, and covered utilities would be provided to the lender if required;

h.  That the eligible recipient had not received and would not receive another loan under the Paycheck Protection Program;

i.  That the information provided in the application and the information provided in all supporting documents and forms was true and accurate in all material respects; and

j.  That the lender would confirm the eligible loan amount using the

4

documents submitted by the applicant.

## The False Claims Act

12.     The FCA provides, in pertinent part, that any person who:

(a)(1)(A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval; [or]

(a)(1)(B) knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim;

is liable to the United States for three times the amount of damages which the United States sustains, plus a civil penalty per violation. 31 U.S.C. § 3729(a)(1).

13.     FCA penalties are regularly adjusted for inflation, pursuant to the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015. *See* 28 U.S.C. § 2461 note. For violations occurring after November 2, 2015, the civil penalty amounts currently range from a minimum of $13,946 to a maximum of $27,894. 28 C.F.R. § 85.5.

14.     For purposes of the FCA, the terms "knowing" and "knowingly"

(A) mean that a person, with respect to information—

i.     has actual knowledge of the information;

ii.     acts in deliberate ignorance of the truth or falsity of the information; or

iii.     acts in reckless disregard of the truth or falsity of the information; and

(B)  require no proof of specific intent to defraud.

31 U.S.C. § 3729(b)(1).

15.     Under the FCA, the term "claim" includes requests to the United States for payment, whether made directly or indirectly to the United States. *Id*. § 3729(b)(2)(A).

16.     The FCA defines "material" to mean "having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property. *Id*.

5

§ 3729(b)(4).

## FIRREA

17.    Section 951 of FIRREA, as amended, codified at 12 U.S.C. § 1833a, provides that the Attorney General may recover civil penalties of up to $1 million per violation against persons who commit specified violations as established by a preponderance of the evidence.  28 C.F.R. § 85.5 (the maximum civil penalty was increased to $2,449,575 for assessments after February 12, 2024 for which violations occurred after November 2, 2015).  The statute further provides that the Attorney General alternatively may recover the amount of any gain to the person committing the violation, or the amount of the loss to a person other than the violator stemming from such conduct, up to the amount of the gain or the loss.  *Id.*  The predicate violations identified in Section 951 that can form the basis for liability under FIRREA include, among others: (a) knowingly or willfully making a materially false or fraudulent statement affecting a federally insured financial institution (18 U.S.C. § 1001); (b) making a false statement on a loan application to a financial institution, "the accounts of which are insured by the Federal Deposit Insurance Corporation" (18 U.S.C. § 1014); and (c) knowingly making a false statement for the purpose of influencing a decision by the Administrator of the SBA or to obtain a loan, money, or anything of value under the SBA's 7(a) program, including the PPP (15 U.S.C. § 645(a)).

18.    Section 1109(i) of the CARES Act provides that PPP loans are SBA loans for purposes of 15 U.S.C. § 645.

6

## **Allegations**

19.     It is a violation of the FCA to knowingly obtain an SBA-guaranteed PPP loan which is not supplied in compliance with the PPP Rules, and to subsequently obtain forgiveness of such loan. Paduani obtained or caused to be obtained a PPP loan and caused to be obtained forgiveness of the loan, in violation of the FCA.

20.     Defendant applied for and received an SBA-guaranteed first-draw PPP loan numbered 6018198900 in the amount of $20,719.00, which was approved on May 1, 2021 (the "PPP Loan"), based upon misrepresentations in a loan application submitted to a financial institution (the "Lender"). In the PPP Loan application, Defendant knowingly misrepresented her annual income and payroll costs, which were used in calculating the maximum loan amount for which Defendant was eligible. These misrepresentations caused Defendant to receive loan proceeds well in excess of what she would have been entitled, if any at all.

21.     Defendant applied for (or caused to be applied for) forgiveness of the PPP Loan, and the loan was forgiven in its entirety, including interest, in the total amount of $20,791.09, on September 12, 2021. In her application for forgiveness, Defendant knowingly misrepresented (or caused to be misrepresented) how she had used the PPP Loan funds. These misrepresentations caused Defendant to receive forgiveness of the PPP Loan, to which she was not entitled.

22.     The SBA paid $2,500 in processing fees to the Lender in connection with the PPP Loan distributed to Defendant.

23.     False statements and documents were submitted or caused to be submitted by Defendant to the Lender which misrepresented the amount of eligible

payroll for Defendant's use of the loan proceeds. These false statements in the loan application and forgiveness application were material to the payment of money by the Lender that was then reimbursed by the SBA (along with accrued interest), causing damages to the United States.

24.    Additionally, the false statements and documents Defendant submitted or caused to be submitted to the Lender were material to the payment of processing fees by the SBA to the Lender, furthering damaging the United States.

The United States realleges and incorporates all paragraphs above of this Complaint as fully set forth herein in all Counts listed below:

**COUNT I**
**False Claims Act, 31 U.S.C. § 3729(a)(1)(A)**
**Presenting or Causing False Claims to Be Presented for Payment**

25.    Defendant knowingly requested and obtained a PPP Loan for an amount she was not entitled to, in violation of the PPP Rules.

26.    Defendant knowingly requested and received forgiveness of the PPP Loan, despite her failure to comply with the PPP Rules.

27.    By virtue of these false claims, the United States was damaged for the full amount of the PPP Loan and the processing fee paid to the Lender, plus any other costs or interest, and is entitled to treble damages under the FCA, plus civil penalties for each violation.

**COUNT II**
**False Claims Act, 31 U.S.C. § 3729(a)(1)(B)**
**Making or Using False Records or Statements**

28.    Defendant knowingly submitted or caused to be submitted a PPP loan application that contained misrepresentations regarding her payroll costs, business

8

activities, and intended use of PPP funds.

29.     Defendant subsequently knowingly submitted or caused to be submitted a PPP forgiveness application that misrepresented her use of the PPP funds and eligibility for loan forgiveness.

30.     By virtue of these false statements, the United States was damaged for the full amount of the loan and the processing fee paid to the Lender, plus any other costs or interest, and is entitled to treble damages under the FCA, plus civil penalties for each violation.

## COUNT III
### False Statements to the SBA
### 12 U.S.C. § 1833a (FIRREA)

31.     This is a claim for civil penalties under FIRREA, 12 U.S.C. § 1833a, as amended.

32.     Defendant, for the purposes of fraudulently obtaining a federally guaranteed PPP loan and inducing the SBA to forgive the loans, in violation of 12 U.S.C. § 1833a, unlawfully, willfully and knowingly made or caused to be made false statements or certifications to SBA Lenders and the SBA in violation of 15 U.S.C. § 645(a).

33.     Defendant signed the PPP loan agreements, thereby knowingly falsely representing that he would "comply with all SBA guidance" as it applied to the PPP Loan. These false statements were knowingly false and made for the purpose of influencing the SBA to obtain PPP loan proceeds in violation of 15 U.S.C. § 645(a).

34.     Because of Defendant's acts, she is liable for civil penalties up to the maximum amount authorized under 12 U.S.C. § 1833a(b).

**COUNT IV**
**Unjust Enrichment**

35.     This is a claim for the recovery of monies by which Defendant has been unjustly enriched.

36.     By obtaining from the United States funds to which she was not entitled (through the Lender), Defendant was unjustly enriched and the United States is entitled to damages in an amount of $20,719.09, plus interest, together with any other damages to be determined at trial.

**COUNT V**
**Payment by Mistake**

37.     This is a claim for the recovery of monies the United States paid directly or indirectly to Defendant as a result of mistaken understandings of fact.

38.     The United States' mistaken understandings of fact were material to its decision to approve and then forgive the PPP Loan.

39.     The United States, acting in reasonable reliance on the truthfulness of the statements contained in the PPP loan application, approved the PPP Loan distribution to Defendant to which she was not entitled.

40.     The United States, acting in reasonable reliance on the truthfulness of the statements contained in the PPP Loan forgiveness application, forgave the PPP Loan when it was not eligible for forgiveness.

41.     Thus, the United States is entitled to recoup the amount of the PPP Loan plus any other amounts to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff the United States requests that judgment be entered in

its favor and against Defendant as follows:

 (a) On Counts I and II (False Claims Act), awarding the United States treble the damages it sustained for (1) the total forgiveness amount ($20,791.09) of the PPP Loan Defendant received, and (2) the total amount ($2,500.00) of the processing fee paid by the United States to the Lender, together with the maximum civil penalties allowed by law;

 (b) On Count III (FIRREA), awarding the United States civil penalties pursuant to 12 U.S.C. § 1833a equal to, at minimum, the total forgiveness amount of the PPP Loan - $20,791.09.

 (c) On Count IV (Unjust Enrichment), awarding the United States the amount by which Defendant was unjustly enriched;

 (d) On Count V (Payment by Mistake), awarding the United States the amount mistakenly paid to Defendant;

 (e) awarding the United States pre- and post-judgment interest, costs, and filing fees; and

 (f) granting such other relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

The United States demands a jury trial in this case pursuant to Federal Rule of Civil Procedure 38(b) of all claims and issues so triable.

Dated:     December 18, 2024          Respectfully submitted,
           Portland, Maine


                                       DARCIE N. MCELWEE
                                       U.S. Attorney for the District of Maine


                                       BY: /s/ James D. Concannon
                                       JAMES D. CONCANNON
                                       Counsel for the United States of America
                                       Assistant U.S. Attorney
                                       100 Middle Street
                                       East Tower, 6th Floor
                                       Portland, Maine 04101
                                       (207) 780-3257
                                       James.Concannon@usdoj.gov
                                       *On behalf of the United States*